In the Matter of the Claim of WILLIAM EPPENSTEIN, Respondent, against OGDEN R. ADAMS & Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 20, 1928.

*Harry E. Wareham,* for the appellants.

*Albert Ottinger, Attorney-General [E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

HASBROUCK, J.   March 9, 1926, claimant, employed as a machinist helper of Ogden R. Adams & Co., Inc., machinery merchants, was injured while moving pulleys.   The pulley about which he was working turned over and hit his leg and caused him to fall down. He sustained a compound comminuted fracture of both bones of the left leg, five inches above the ankle.   He secured an award for his disability in the sum of one thousand one hundred and seventeen dollars and forty-two cents, for seventy-nine and one-quarter weeks.   It represented fifty-one and one-quarter weeks for permanent loss of use of twenty-five per cent of the left foot and twenty-eight weeks for protracted temporary total disability. The award was closed without prejudice.   He was granted awards covering the period elapsing from the date of his injury until May 4, 1927, all of which were paid.   About May fourth he went to work for another employer and during his employment was injured and developed a hernia for which he was operated upon.   After recovering from the hernia operation and about September 29, 1927, there appeared again a temporary total disability claimed by him and found to be due by the Industrial Board to the original injury.   The period elapsing between his first temporary total disability and the next total disability from which he suffered was some four months and twenty-five days.   He was granted an additional protracted temporary total disability award February 29, 1928, for a period of six and five-sixths weeks at fourteen dollars and ten cents per week, ninety-six dollars and thirty-five cents, and the claim was closed without prejudice.

The appellant claims that there is no authority in subdivision 4-a of section 15 of the Workmen's Compensation Law (as added by Laws of 1924, chap. 500) for making the above award.   The title together with the material part of the subdivision reads as follows: " 4-a. Protracted temporary total disability in connection with permanent partial disability.   In case of temporary total disability and permanent partial disability both resulting from the same injury, if the temporary total disability continues for a longer period than the number of weeks set forth in the following schedule, the period of temporary total disability in excess of such number of weeks shall be added to the compensation period provided in subdivision three of this section:   *   *   *.''

There is no question raised concerning the manner in which the award in question was calculated.   The precise question is, did his temporary total disability continue?   There is more than one significance of the word " continues."   What that is must depend

upon the context. The subdivision is entitled and must, therefore, comprehend " protracted " disability — disability drawn out — not necessarily uninterruptedly. " Continues " in the context is apparently used as a synonym for " protracted " as the opposite of stop for the disability stops or continues. The subdivision contemplates a temporary total disability drawn out longer than thirty-two weeks, not necessarily weeks that immediately follow each other. The contention of the appellants, therefore, must be that in order to warrant compensation, the effects of the injury must be continuous to the exclusion of any interruption, no matter for how short a time — so the break be substantial. If such was the purpose of the lawmakers, then being *able* one day subsequent to the injury destroys the continuance of the disability. This does not seem to me to have been the intention of the Legislature. To continue means to keep on. (Century Dictionary.) Wherever there are interrupted consequences of a cause, the cause is continuing and if the cause continues and it produces the same result it ought to be permissible to claim that any result from the cause also continues.

"A continuing offense is a transaction or a series of acts set on foot by a single impulse, and operated by an unintermittent force." (2 Words & Phrases, 1510; Whart. Crim. Pl. [8th ed.] § 474; *Bibb* v. *State*, 83 Ala. 84; 3 So. 711.)

The vice-chancellor in *Wood* v. *Sutcliffe* (8 Eng. L. & Eq. 217, 220) says: " I have also used the term ' continuous injury.' By ' continuous ' I do not mean never ceasing, but of recurring at repeated intervals, so as to be of repeated occurrence * * * as an actual continuous mischief would be." Undoubtedly in some uses, perhaps the ordinary one, " continues " signifies to keep on without interruption. In the case at bar, however, under the spur of interpreting the Workmen's Compensation Law so that the injured may receive compensation for temporary total disability the law should have a liberal instead of narrow interpretation. The statute contemplates that a person under such temporary total disability shall be compensated for more than thirty-two weeks and for as long a time as is provided by subdivision 3 of section 15 of the Workmen's Compensation Law. This is for twenty-five per cent of his earning capacity for not to exceed two hundred and five weeks. Where the law demands a liberal interpretation and where the injury " by clear implication or inference from the terms of a statute, as well as those expressly and directly declared " ( *U. S.* v. *Coy*, 32 Fed. 538, 542), comes within it, a case is made for compensation.

The award should be affirmed, with costs to the State Industrial Board.

Van Kirk, P. J., Hinman, Whitmyer and Hill, JJ., concur.

Award affirmed, with costs to the State Industrial Board.